We'll hear argument first this morning in Case No. 10-5400, Tapia v. United States. Mr. Kahn. Mr. Chief Justice, and may it please the Court. When it instructed courts to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation, Congress intended to end the practice of sending defendants to prison so that they might get treatment. The commands of 3582 are clear on this point. Do not imprison and do not lengthen prison sentences for the purposes of rehabilitation. This plain meaning is confirmed by the structure of the statute. Under the statute, judges have the power to sentence defendants to prison, but not to prison programs. Judges once had that power under the Youth Corrections Act and under the Narcotic Addicts Rehabilitation Act. With the Sentencing Reform Act, Congress took that power away. That structure makes sense only because Congress intended that defendants should no longer be sent to prison for purposes of rehabilitation. Kennedy, you have, in effect, a one-way ratchet. If the judge really thinks rehabilitation is a primary or an important component of the sentence, then it reduces the prison term. It can never increase it. So you have a one-way ratchet. Yes, Your Honor. I believe that that's correct, that the way in which the statute has set up the logic of 3582 is that a need for rehabilitation can push the judge, the sentencing judge, into moving the individual either out of an incarceration sentence, into probation, or lower the sentence to get that individual into supervised release where rehabilitation current concerns are properly addressed under the statute. Well, do you think that's — do you think that's consistent with what Congress thought about rehabilitation when it adopted the Sentencing Reform Act? And you discuss their thinking, and I think accurately in your brief. But was their thinking simply that rehabilitation is very feasible and it's reasonably predictable whether somebody can be rehabilitated or has been rehabilitated so long as it's done outside of prison, but it just doesn't work in prison? Was that their thinking? Well, there's relatively little evidence of what Congress thought about the possibility of rehabilitating individuals outside of prison. What's clear is that they doubted that rehabilitation could be reliably induced in the prison setting. There is at least one comment that indicates that they doubt that we know enough about human behavior to rehabilitate individuals on a regular basis in any case. But they certainly don't. But it is strange, isn't it, that they can take rehabilitation into account for the supervised release. I mean, that's your position, isn't it, that as far as supervised release is concerned, the judge can take account of rehabilitation in setting the length of the term, but can't do that for the prison time? Well, certainly with regard to supervised release, we think as far as setting the term of supervised release, the judge is required to take rehabilitation concerns into account. And that's because supervised release is intended to smooth the transition from prison to true liberty and is specifically a rehabilitative vehicle. Now, with regard to revocation, to the extent that that's at issue, we concur with the Solicitor General that 3582 by its term simply doesn't govern a revocation of supervised release because it's not the imposition of a term of imprisonment, but rather requiring the individual to serve a portion of the supervised release term in prison. So by its plain terms, it simply isn't applicable. Sotomayor's counsel, aren't, isn't, punishment and rehabilitation often lip-sides of each other. If you read what the judge said here, his comment was this man or this woman, I'm sorry, has been involved in a series, escalating series of serious offenses. Logically, she has to be put away for a long time unless she gets rehabilitation because there's going to be no deterrence otherwise. And so what the judge was basically saying, in my judgment, and I don't know why it's not just a flip, which is without drug treatment, we can't deter her. And so this crime, given her background, deserves this kind of sentence. One of its byproducts is a drug treatment program. How different is that, or do you really think, that a judge who knows that someone's going to get a rehab program if they serve 50 months and the sentencing range is between 45 and 55, do you think that they're going to pay 50? They're not going to choose 50 if they understand that there's no chance for this person to be deterred without drug treatment? The problem is the judge has no ability to ensure that the individual gets that treatment if they're sent to prison. Scalia, you didn't get it, did she? She did not get that treatment, in fact, and she's passed. Well, if he gave her extra years in order to get that treatment, he just gave her extra years without the treatment, as it turned out. Yes, and I don't think that's true. Sotomayor, that's the whole point, because what the judge said was if she doesn't get treatment, she needs to be in jail a long time, because her crime was serious, because she's just going to continue committing crimes. There's a chance if she gets it that she won't, but without it, for sure she's not, and this is the just punishment she deserves, this amount of years. That's how I read the transcript. Well, Judge — I mean, Justice, I would disagree with that characterization of Judge Moskowitz's comments, and I'd point specifically to the joint appendix really at pages 25 through 28, and particularly at pages 27 through 29, where he very specifically says not that he's imposing this time for punishment purposes, but really to get her into the drug program. He says, I'm going to impose a 51-month sentence, 46 months plus 5 months for the trial jump, and one of the factors that affects this is a need to provide treatment. In other words, so she is in long enough to get the 500-hour drug program. And then again, when he actually imposes sentence, he says, the judge says, I think a sentence — I'm sorry. Well, he says the Court recommends, strongly recommends that she participate in the 500-hour drug program. Sotomayor, but you're ignoring his lengthy discussion, talking about she was really going down the wrong road here. I understand her troubled past. She gets involved in alien smuggling, which is very serious. He is talking at length about the seriousness of the crime. So what I'm asking you is, if what we see is a judge who's talking about a flipped situation, i.e., you need to punish strongly because the crimes are serious, and an added benefit is rehabilitation, why does that violate 3582? What about 3582, in using the word recognizing, stops a judge from saying, without something there's going to be no deterrence? There's nothing that stops a sentencing judge from saying, I think that incapacitation, retribution, deterrence justify a sentence of X, and in addition you'll receive rehabilitative resources while you're inside, make best use of them. There's nothing that stops a judge from urging a defendant to, in fact, make better of herself while she's in prison or outside. Sotomayor, so you're talking only about when rehabilitation is the primary purpose? So the issue here is, what was the judge's primary purpose? No, no. Whenever the judge lengthens a sentence or imposes a sentence of imprisonment that that judge otherwise would not have imposed, that is a violation of 3582. So now we want some talismanic words where the judge says what I said? This crime is so serious that the sentence should be X amount, and now talismanically I'll say rehab is just a side effect. Really, the sentence is motivated by, completely by punishment. I think a fair reading of Judge Moskowitz's statements at the sentencing was that, in fact, he was lengthening the sentence for purposes of rehabilitation to make sure that you got. But how do we know that when the government, didn't the government ask for 63 months? The government did ask for 63 months. We requested 36 months. We don't know when the circuit court asked for 63 months, and the judge came up with something in between those two. He did, indeed. I believe that it's a – that these particular issues are appropriate – appropriately, I'm sorry, addressed on plain error review in the circuit court first. I don't think they're essential to the legal question that's before this Court. Scalia. The judge did say, didn't he, this is on page 27 of the Appendix, the sentence has to be sufficient to provide needed correctional treatment. And here I think the needed correctional treatment is the 500-hour drug program. It couldn't be clearer that he's computing the length of the sentence on the basis of what correctional treatment will be received. It has to be sufficient to provide needed correctional treatment. Indeed, he did, and I believe that he was taking into account his own knowledge of the prison system and what it would require to allow Ms. Tapia to participate in the 500-hour program. Roberts. What if, putting aside the particular statement here, what if a judge says, I appreciate that one purpose of punishment is deterrence, and that's what's going to guide me. And I think you will not be deterred if I only sentence you for 2 years. But I think if you have to go away for 3 years, you will appreciate that what you've done is wrong and you won't do it again. Is that for rehabilitation, that extra year, or is it for punishment? I believe that's for punishment and deterrence, and I don't believe that's an improper purpose. Well, maybe what is the difference between deterrence and rehabilitation? The person doesn't commit any crimes anymore, but wishes she could, and while she's rehabilitated, she doesn't want to? It seems to me it's a very artificial distinction. Well, I don't think it is, because I think we can look at the purposes Congress had in mind when it enacted the statute, and in particular, the system it had in mind, the system it intended to overturn when it enacted the statute. As I mentioned before, one of the statements, a prominent statement in the Senate report that comes up again and again, is Congress doubted that rehabilitation could be reliably induced in the prison setting. The system that was being overturned was one of coercive rehabilitation, in which individuals were sent to prison and prison sentences were tied to their completion of these programs. And so for that reason, I think when you look at a sentence that's employed specifically to get somebody into treatment, it is exactly within the prescription Congress intended. If there are no questions at this time, I'd ask to reserve the rest of my time. Thank you, Mr. Kahn. Mr. Roberts. Mr. Chief Justice, and may it please the Court. Section 3582A prohibits courts from imposing or lengthening a term of imprisonment to promote a defendant's rehabilitation, including by facilitating her access to a prison drug treatment program. Mr. Roberts, could I take you back to Justice Kennedy's question at the start about the one-way ratchet? What's the government's theory about what Congress might have been thinking when it said, you can't think about rehabilitation to sentence or to lengthen a sentence, but you can think about rehabilitation to make the decision not to sentence or to shorten a sentence? What would have been in Congress's mind? Well, Congress was intending to reject the prevailing rehabilitation model of sentencing, and under that model, defendants were kept in prison until they were declared rehabilitated based on their participation in treatment programs. And what Congress determined was that coercing participation in prison programs that way wasn't — had failed, and that rehabilitation couldn't be accomplished reliably in a prison setting. That's only one-half of what the thinking was at the time about rehabilitation. The thinking was that some people were being sentenced to coercive rehabilitation, but also that other people were being paroled before they should be on the theory that they had been rehabilitated. It was a general skepticism about rehabilitation. And that is inconsistent with the idea that you can take rehabilitation into account in going down, but you can't take rehabilitation into account in going up. Well, Congress expressly determined to retain. There were people that said rehabilitation never works, it can't be a legitimate purpose of sentencing, and Congress decided not to go that far. It expressly retained rehabilitation as a purpose of sentencing. That's reflected in Section 3553A2D. But what Congress determined was that it — that because you couldn't reliably induce it in prison, it wasn't appropriate to deprive defendants of their liberty, expend the resources on keeping them in prison for that purpose. But that — that rehabilitation remained a possibility, that other forms of sentencing were appropriate ways to attempt to achieve rehabilitation, and that's why Congress expressly provided that in imposing a sentence of probation, the Court can require a defendant to participate in particular treatment programs. Alito, but that's different from saying that a lower sentence can be imposed on the theory that with rehabilitation outside of prison, the lengthier sentence isn't needed. Would you agree that when the guidelines were mandatory, a judge could not sentence to an — to additional time, certainly not additional time outside the guideline range for the purpose of rehabilitation, but the judge also generally could not depart below the guideline range on the theory that this defendant had led a life of crime because the defendant lacked vocational skills or the defendant was dependent on drugs or alcohol, and with treatment outside of incarceration, those problems which had led to the criminality could be alleviated? Well, I think it would depend whether that was an aggravating or, you know, mitigating circumstance that the guidelines hadn't adequately taken into account. But I don't think that Congress was trying to prevent a court from selecting another sentencing option, such as probation, in lieu of imprisonment because the court determined that the primary purpose of the sentence should be rehabilitation, or to shorten the sentence to speed the defendant from imprisonment to supervised release, where the court could guarantee that the defendant would participate in programs. On the other hand, if the — it was very important, if there were important purposes of protecting the public, deterring the defendant from committing other crimes, deterring generally, then the court was supposed to sentence the defendant to prison in accordance with that, even if the defendant also needed rehabilitation. Kennedy, suppose the case in which the judge is going to sentence to 2 years no matter, but there is a 2-year rehabilitation program and the defendant is — the prisoner is receiving that. Would you say that at that point the prisoner is receiving an imprisonment term and rehabilitation? Well, the prisoner is receiving an imprisonment term. Hypothetical. The term isn't affected by the program, but the judge recommends the program and the prisoner is receiving it. Would you agree the prisoner is then receiving both an imprisonment term and rehabilitation? I think the prisoner is receiving rehabilitative services, yes, in prison, yes. So then we can use those two goals of sentencing in the conjunctive. Well. And you can have imprisonment and rehabilitation at the same time. Congress intended that even if a defendant needed rehabilitation, if the other goals of sentencing, such as deterrence and protecting the public, justified a term of imprisonment, that the court should impose a term of imprisonment. So Congress recognized that. I'm just talking about a matter of diction. You would agree that there are instances, and hypothetical is the case, where you can receive imprisonment and rehabilitation at the same time. Yes, but what Congress wanted courts to — required courts to recognize was that imprisonment is not an appropriate means of promoting rehabilitation. But we're talking about what the statute means, and the question indicates and the hypothetical indicates that those are not mutually exclusive. You can have imprisonment and rehabilitation at the same time. Now, this case is a little different because you didn't get it. Let's just talk about the hypothetical. I agree that you can — that there can be rehabilitative programs in prison, but what does imposing imprisonment for the purpose of providing those programs or lengthening the imprisonment term for that purpose? Don't you see the same? Prisons have multiple treatment programs and vocational treatment. Yes. Are you relying at all on the fact that in the supervised release term, the judge can say, this man or this woman needs rehabilitation and I want this program for her. But in the prison setting, the judge, this judge, as Justice — the colloquy with Justice Scalia showed, this judge wanted her to be in the program, but she never got into it because the judge has no control. Exactly, Your Honor. Under the SRA, judges have no authority to place prisoners in — place defendants in prison treatment programs or to require their participation in those programs. And Petitioner, in fact, did not participate in the drug treatment program on which the sentencing court relied in setting her imprisonment term. What if — what if the judge sentences people who commit robbery with assault typically to one year? He can do it one to two years. He gives them one year. Except whenever the pre-sentencing report says the person has a drug problem and there's a one-and-a-half-year drug program in the prison, he sentences those people to one-and-a-half years, regular. But each time he says, I recognize rehabilitation is not a permitted factor, I consent this person to one to two, I'm going to pick one-and-a-half. Is that a problem or does it always just depend on what the judge says? I think generally you take the district court at the court's word for what the purposes of the sentence are, and the sentence has to be justified by the reasons that the district court gives in sentencing. I think you'd say it was wrong for the district court to do that. If the judge — But whether it can be established on appeal that it was wrong is another matter. Yes. I mean, I don't know if we — I mean, if we — if the question is we know — It's wrong to do what? We're inside the district court's head and the district court is actually not recognizing that rehabilitation is an appropriate means of promoting — that imprisonment is an appropriate means of promoting rehabilitation, but is in fact doing that, but not — but being disingenuous about the court's reasons, then the court is violating the statute, but we're not going to know that. Does the defendant have the right to raise arguments and inquire into that in — in every case? Say that, well, he did say this was just to — just to punish me, but here is a list of 10 cases where I think it's like my case and those people got left. I think that — that it's going to be hard for the defendant to obtain reversal of a conviction under those circumstances. Well, I think it's going to be hard for the government to defend the sentence under those circumstances. Well, I think, as I said, that the words that you — that the court is required to give its reasons for imposing sentence, we presume that district courts honestly give their reasons for imposing the sentence, and that if the court is indeed lengthening the term of imprisonment because the court wants the defendant to be in a program, that the court will say that's what they're doing, just as Justice Moskowitz did here, and once this Court makes clear that imprisonment is not an appropriate means of promoting rehabilitation, therefore, courts cannot impose or lengthen a term of imprisonment to serve that purpose. Sentencing courts will follow that. Counsel, go ahead. Suppose the judge says, I'm going to sentence you to 12 months. Now, there is a particular facility where there is a drug treatment program that you could really benefit from and you'd be a safer citizen, but I'm not going to mix up imprisonment and rehabilitation. I'm not even going to make that recommendation. I'm not going to consider all I'm interested in is imprisonment. Is that an abuse of discretion, the failure to consider the factors that Congress set forth, including rehabilitation? No. I think that the — that what the Court has to do is consider all of the factors, including rehabilitative purposes. No, he said I'm not going to consider that. He's not considered rehabilitation at all in imposing sentence. Right. Then, yes, that would be a procedural error to fail to consider it at all. All right. So then he must consider rehabilitation in the context of imprisonment. Yes. We don't think that it precludes, the statute precludes considering rehabilitation in the context of imprisonment. What it precludes is imposing or lengthening the term. I don't understand what you're saying. It seems to me what the statute requires is that he consider rehabilitation in imposing the sentence, right? Not in imposing imprisonment. It does require it in the sentence. So he can consider rehabilitation in deciding what this person will be required to do in a probated term, but not in how long he's going to stay in prison before he gets there. Yes, but the Court can also consider rehabilitation to choose a sentence of probation rather than a sentence of imprisonment. Suppose a judge thinks that a defendant would benefit from a type of a vocational or educational training that may be available in prison, but that is not available on the outside in the particular community where this defendant resides. What would the judge do then? I think the Court can still require the available, require that as a condition of supervised release if the judge thinks that that's as far as probation, if the judge can require the defendant to reside in the appropriate place. But what if it's not available in the community on the outside? Well, then the judge would have to decide whether moving from, whether having the defendant in a different location than the defendant ordinarily would be is worth providing that program. I don't know that there are such specialized programs that those things can't be accommodated as a general matter in most communities. If that situation arises. Scalia, are you talking about, say, can the judge prescribe that he be incarcerated in a particular facility? The judge cannot prescribe that he be incarcerated in a particular facility. The judge can make a recommendation for a particular facility. But the judge can require participation in a particular program on supervised release and residing in a particular area on supervised release or on probation. So a judge can, if the judge thinks it's important enough, address that situation if it would arise. And my question is, can a judge who believes a defendant is dangerous to the public and thinks that that danger can't be evaded without a drug treatment program, could the judge nevertheless under 3553a2c say because of the danger to the public I'm going to lengthen the sentence and in the hopes that a drug rehabilitation program will be available, I don't care if it is or it's not, this person is dangerous to the community otherwise? I think the judge can say that this person needs to be in prison for this amount of time to protect the public. So what's different than what the judge did here where he talked about explicitly on page 26, it has to deter, the sentence has to deter criminal conduct by others and it has to protect the public from further crimes of the defendant. And the sentence, that's a big factor here, given her failure to appear and what she did out on bail. Sotomayor So if the sentence has a dual motive, is that okay? Now, I know that there's an issue about whether this transcript can be read as a dual motive or not. But my question is, is a dual motive sentence permissible? No. A dual motive sentence, if one reason that the judge is selecting the term is to impose a sentence of imprisonment, that violates the prohibition. However, if the sentence would have been the same otherwise, then that would be a harmless error. Sotomayor So doesn't that what dual motive means? Unless you want charismatic words, I would have picked a sentence anyway. We think that in this case, the Petitioner won't be able to show plain error, won't be able to show an effect on her substantial rights on remand. Thank you, counsel. Mr. Bribis. Thank you. Mr. Chief Justice, and may it please the Court, sentencing judges may consider needed correctional treatments in deciding both whether to imprison and for how long. The Sentencing Reform Act rejected the rehabilitation model's unstructured sentencing procedures designed to confine every inmate indefinitely until a parole board found he had reformed himself. It did not, however, forbid treatment programs targeting specific defendant's as the drug treatment at issue here. The Act rejected one means of promoting rehabilitation that was bound up with indeterminate sentencing, not rehabilitation itself. I could follow your argument much better if the judge could say there's a specialized program, and I am making that a term of their incarceration, the District Court  But the disturbing factor about your argument is the judge can only recommend the judge has no way of making sure that this person will be in prison longer and get the treatment that the judge wants. The judge can't control where the person will serve her sentence and what treatment will be available to her. Your Honor, I don't believe that's a large concern for several reasons. The first is this residential drug abuse program, RDAP, is given to 93 percent of eligible defendants. The only reason Petitioner did not get it is because she affirmatively refused, said she was not interested. The second point I would make is that if we look at the legislative history, the Petitioner and the government's reply briefs say, well, this Act stripped judges of the power to do this. The Senate report makes clear this was a simple administrative simplification designed to make it clear that the Bureau of Prisons ultimately controlled all of these things, but that at the same time it was supposed to listen seriously to judges' recommendations. It was not the case that judges could do this. Ginsburg, in addition, you responded that she didn't, she said, I'd rather not. But wasn't there something about placing her in the same facility as another inmate? Wasn't that involved? There were two distinct issues here. One was putting her in the particular prison that was named was not possible because she needed to be separated from another inmate. The other is whether she could be put in a facility that had one of these programs. About half of prisons, Federal prisons, do, and the reason she didn't get that was because she refused, she said she wasn't interested. Scalia, I don't know why you consider that that solves your case, that that makes everything okay. She refused it. She would not have been able to refuse it had it been made a condition of her supervised release. You either take the program or you go back to jail. I mean, that's a — why is that an insignificant difference? The fact is the judge has no control over whether this person gets the rehabilitation that was supposedly the purpose of the extended prison term. A couple makes no sense. I just note, Your Honor, first of all, the statute requires judges to make predictions about deterrence. That is a forward-looking matter. The fact that a judge must predict the future calls for appropriate skepticism and a statement of reasons in appellate review. It does not mean that a judge may not consider deterrence because it's a speculative possibility. Scalia, you're not responding to my point. You're making a different point. I'm saying that it's — it does not help your case that the reason she did not get the rehabilitative treatment that this judge wanted her to get was that she simply refused it. Why does that help your case? She couldn't have refused it if, as the other side says, had to be the case he had imposed this rehabilitative measure as a portion of supervised release. Then she would have had to take it. Your Honor is correct that there is a contingency involved here, but the contingency involved is no greater than the contingency involved in other sentencing decisions judges must make. And that isn't a reason for skepticism. It doesn't imply that the Act meant to disable judges from doing this. Kagan Mr. Bibas, I have to say I don't really understand the whole premise of your argument. You're basically saying the judge cannot consider rehabilitation, but the judge can consider educational programs, vocational programs, treatment programs, and so forth. I think most people would think that all of those things are rehabilitation, but there's nothing left over when you say that the judge can consider all of those things. Bibas Your Honor, I don't believe you phrased correctly. Our point is not that judges can't consider rehabilitation. It is that judges may not use imprisonment as the means of promoting rehabilitation. Kagan Yes, well, I'll ask the same question. You're saying that they can consider rehabilitation in imposing a sentence. They cannot consider rehabilitation in imposing a sentence, but they can consider all these programs in imposing a sentence. And I'm saying, what's the difference between all these programs and rehabilitation? Once you say they can consider all these programs, what's left over that they can't consider? Bibas Your Honor, I think the answer is clearest if we look at the statutory text. It's in Petitioner's brief, the blue brief, at Appendix 2 and Appendix 3. The contrast becomes clearest if we look at 3553a to d. There are four central purposes of punishment that judges must consider, and d is not everything that was ever considered rehabilitation. It is a specifically limited subset of rehabilitation. It must be needed, it must be educational or vocational training, medical care or other correctional treatment, and it must be in the most effective manner. So judges may no longer rest on what Judge Frankel and the Senate decried as the airy nonsense that everyone can be rehabilitated simply by throwing them in prison or simply by having everybody go to social workers or classes. But because criminality itself is not a pathology that needs treatment, but he and the Senate report contrasted that with drug treatment, which is very different because there is a diagnosed pathology, there is a criterion for success that's measurable, and there's a fixed limited time. And that third point is crucial here because both Petitioner and the government in their argument said that you can't keep someone in jail tied to completion of programs or keep him in until he's been rehabilitated through treatment. The indeterminate aspect here was a crucial part of what Congress was targeting that's very different from the U.S. 12-month provision. Scalia, you haven't read the crucial provision of the statute. Yes, you read the section entitled, Imposition of a Sentence, but there is another provision of the statute which says Imposition of a Sentence of Imprisonment. You can indeed consider those factors in imposing the sentence, which includes probation, supervised release, and any other matters. But what 3582a says is that the Court in determining whether to impose a term of imprisonment as opposed to just parole or supervised release, and if a term of imprisonment is to be imposed, and determining the length of the term, shall consider the factors set forth that you mentioned in 3553a, to the extent they are recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. You have to reconcile the two sections, and the way to reconcile them is to say that the former applies to sentencing in general, but when you're dealing with the length of a sentence of imprisonment or whether there should be any imprisonment at all, you cannot consider rehabilitation. I don't know any other way to read it. No, Your Honor. The main clause of 3582a says shall consider the factors set forth in 3553a. It does not say a to a, a to b, and a to c, as the very next section of the Sentencing Reform Act does. 3583 says consider only these purposes, but 3582 says consider all of these factors to the extent they apply in a particular case. Now, the way Your Honor reads the recognizing clause is as if it said, except the court shall not consider in imposing or lengthening a sentence a to d, or if it tracked the language of a to d. Scalia, I don't know what else recognizing that factor would consist of, except you won't use that factor in deciding imprisonment or length of imprisonment. Your Honor, we've looked through the entire United States Code. We've not found a single instance in which a recognizing clause is used to mean an exception of a language. Scalia, you tell me what it means here, then. What? He should say, you know, I recognize that rehabilitation is not a, an appropriate factor to take into account in determining the length of your sentence or the, or whether you should go to jail at all. That said, I'm going to send you to jail in order to rehabilitate you. Is that all it means? Your Honor, a recognize we found dozens of instances in the U.S. Code where recognizing introduces a statement of principle or policy or rationale. Petitioner and the government cite no instances in which it's used to impose a flat ban. What we'd point out is Justice Kennedy made the point that logically there is a distinction between the imprisonment and the treatment that occurs during the imprisonment. And if it's recognizing that the imprisonment is not an appropriate means of promoting correction and rehabilitation, that itself bans a penological policy that was known in our history and had lingered into the 1970s. But the judge only has the power to impose imprisonment. He does not have the power to impose anything else during the imprisonment. I mean, what you're saying might make sense if indeed he could prescribe some treatment during imprisonment. But he can't. There are prisons. And why can't he, by the way? Why has he been prevented from doing that, although he's allowed to do it during supervised release? Does that make any sense if indeed, as you say, he can take that into account in imprisonment? Your Honor, judges in supervised release, it's hard to understand why in 3583e3 judges may consider rehabilitation in deciding whether to impose a term of imprisonment on resentencing. And we've been offered no logical explanation as to why that same logic, Congress would have meant a flat ban here, that it didn't spell out in an initial sentencing. Kennedy, it does seem to me that the principal trouble I have with your argument is that, as Justice Scalia mentioned, the judge can't be certain that the treatment will be provided. And in answer to an earlier question, he said, well, 90 percent of the time, the judge's recommendation is follow the program as offered. Suppose it were only 10 percent of the time. Suppose only 10 percent of the time could or did the Bureau of Prisons follow the judge's recommendation.  Justice Kennedy, while I agree that the reliability of the prediction is an important factor, I think this is dealt with through the ordinary appellate review that this Court has fleshed out in Rita, Gall, and Kimbrough. If there's 93 percent likelihood predictability here, then the judge can give it a fair amount of weight, as the judge can give a fair amount of weight to deterrence calculations. If it's highly unpredictable, then the judge shouldn't be putting very much weight on that at all. And I would point out particularly that if we look at those appellate review cases, it's very relevant that the judge here imposed a sentence within the range. As Justice Sotomayor pointed out, there are multiple explanations going on here. The judge arrives at a sentence within the range. It's hard to tell here that it's even a but-for cause versus just a hope. The number of issues that Petitioners and the government's reading forces appellate courts into in disentangling sentences that are otherwise reasonable, that are within the range that could have been justified any number of ways, counsels against requiring us to say one factor is categorically forbidden in the Sentencing Reform Act. Kagan Well, Mr. Bibas, just practically speaking, what does this clause instruct a court not to do in your view? Bibas It instructs a court to bear in mind that simply locking someone in a cell away from his criminal associates, away from his pattern of life, is not itself going to reform him. We've been down that road. Kagan Well, really, who thought that? This was 1984. When people talked about rehabilitation, they were talking about drug programs. They were talking about education programs. They were talking about vocation programs. They were not talking about some idea that had gone — passed away long since, that just locking you in a cell was going to rehabilitate you. Bibas A couple of responses that I think show that to be incorrect. The first of these is most of the references in the Senate report are to just generic, open-ended education, vocation and counseling. We see maybe one reference to alcohol and drug treatment in there. The second of these is that idea of isolation, though it had diminished, was still alive. In the 1970s, there was a widely cited manual for judges, the Guides for Sentencing in 1974, that said that confinement, quote, "'may be necessary to break criminal associations and in time to modify antisocial attitudes and tendencies.'" My third point is, this is not just about the substantive idea of rehabilitating. The government and Petitioner point out that there was a rehabilitation model, a procedural approach here, that was bound up with that history of the penitentiary. And the approach was that, in the Senate report, the rehabilitation model ties prison release dates to successful completion of programs. We don't have open-ended, unpredictable sentences anymore. The Sentencing Reform Act in multiple ways gets rid of that unpredictability. Ginsburg. But wouldn't your proposal lead to unevenness in sentencing? If you're right, then this choice of extending a term to accommodate a drug program that could be, if the judge would have the option, I think nearly half of the people who are incarcerated have a drug addiction. So one judge might say, I'm not going to let that person out until they, they should at least have a chance to get into this program. And another is going to say, I can't control that, I'm not going to subject. You would be introducing back just what the, what the framers of the Reform Act were trying to get away from, that is, this swings from one judge to another, and you're dealing with almost half the prison population. A couple of points. One is, statistically, I think the number is lower than you say. The RDAP program here requires 12 months before admission having a provable addiction or abuse. So it's about 30, 35 percent of inmates. But granted that issue, that's why the Sentencing Reform Act requires statements of reasons subject to appellate review. If judges are varying widely, this Court's case law in Rita, Gall, and Kimbrough allows appellate courts to harmonize what they're doing. If this judge had added 5 years to her sentence, this would be a different case. Judge Frankel and others were concerned about sentences exceeding 5 years, open-ended, airy hopes that everyone will be cured of criminality. We're talking about a sentence within the range, a sentence that if a few lines of the transcript had been whited out, we wouldn't be here. A judge could have reached the same sentence on a lot of different grounds. And are we going to tell judges, you can consider other things openly, but if you offer a thoughtful reason justification, per se, automatic reversal. There are only a couple of places in the Sentencing Reform Act that have categorical bans and they don't read the way this one does. The very next section in the Act, 3583C, says in considering a supervisory release sentence, a judge shall consider the factors in 3553A1, A2B, A2C, and A2D. It skips over retribution explicitly where Congress meant to omit it. The other place in the Act where Congress explicitly banned a factor was in 28 U.S.C. 994D. The commission, the sentencing commission, not a judge, shall ensure that the guidelines are entirely neutral with respect to race, sex, creed, national origin, and socioeconomic status. When Congress meant to ban something, even within the range, it spoke much more clearly. What it did usually was it gave some guidance to the sentencing commission. And section 994 has a number of places where the commission shall do this, the commission shall ensure that this is generally inappropriate or inappropriate, but it left a range. And it simultaneously said judges should individualize sentences within that range. 991B1B says there are factors not adequately taken into account in the guidelines that can lead to aggravating or mitigating, and judges can also adjust sentences to individualize them within the range. Sotomayor, can you articulate an interpretation of this provision that would guide appellate review? If rehabilitation can always be a factor, then when and how does the court of appeals determine whether a judge has abused his or her discretion? You said 5 years. The guideline range presumably is 24 months, and the judge adds 5 years. But how do you define that? The simple answer is if the judge is imposing the sentence because of rehabilitation, they can't do that. Is that what you're arguing, or are you arguing they can do it except within a range? I'm not quite sure I understand how far you're going. I understand, Justice Sotomayor. Our primary argument is that 3582's recognizing clause isn't about this at all. This is dealt with by 3553A2D. What is it that's needed correctional treatment, and if it fits within A2D, ordinary appellate review. If the Court is not comfortable with that and thinks that there ought to be more discouragement, we do have a fallback argument that says that the Senate report talks about discouraging using this as the sole basis, right? But that if it's one of several factors, if it appears to be given a proper balanced weight, then there's no need to be so suspicious of it. And indeed, when we look at the case law in the circuits, and we've surveyed the most recent 150 or so cases on rehabilitation in the courts, we see very rarely — first of all, we haven't found any cases where judges are putting someone into prison versus out based solely on this. We find only a couple of cases where judges appear to be lengthening a sentence solely because of a desire to put someone into drug treatment. Usually what's happening is something like what happened here. The judge is balancing three or four factors. It's in the mix. The judge might well have gotten to the same result anyway. Are we going to forbid courts to have that kind of reasoned, open review, subject to appellate review, in order to ban something that isn't banned in the way that 994 bans race and sex, or 3583 bans retribution? It's simply not the way the statute wards things elsewhere, and it's not the warding court that Congress chose here, especially since this is a — it's oblique. It's a subordinate clause. It's hidden. It's not at all clear in undercutting the main clause of 3582 in saying, shall consider all of the factors of punishment here, to the extent that they apply in an individual case. Kennedy, I still find it hard, if I were going to write the opinion to rule for your position, to ignore the 90 percent, 10 percent hypothetical problem I have. To say, well, now 90 percent of the time the judge's rules are going to be followed — the judge's recommendations are going to be followed. That's an odd way to support the interpretation of the statute that we have to — that we have to adopt in order to rule in your favor, because, as I say, suppose that his position were — his recommendation were followed only 10 percent of the time. Justice Kennedy, first of all, there are programs out there for which the judge's recommendation is a prerequisite, and 100 percent of the people who get into the program are ones whom the judge recommended. There are some drug education programs, I believe a mental health or sex offender program, where there's a link between those two. It's just this particular program that we're talking about. The second point is, as I said, one of the explicit purposes of sentencing is deterrence. A judge can never guarantee that he's going to deter a particular offender from committing a crime in the future. The judge has to make an educated prediction with the help of the probation or pretrial services officer's report, and that's subject to appellate review. But the fact of a prediction, the fact of uncertainty about whether someone will be deterred or not doesn't disable the judge from weighing that prediction. Scalia. If it is as you say, why, why did Congress leave it up to the Bureau of Prisons to decide whether this person can enter into a rehabilitation program and not allow the judge to prescribe that the person will enter into it? Why? What possible sense could that make? Your Honor, if you will bear with me for your colleagues who like legislative history, my quote from the Senate report, that this change is designed only to simplify the administration of the prison system, at page 141 of the Senate report. It was not designed to introduce any substantive change in the role of judges or the attorney general. Judges can prescribe that. No, the change was made. Well, that's a substantive change. They can't prescribe, right? But it was not intended to affect the authority of the Bureau of Prisons or the judge in their roles and input. It's just that the — I don't understand what you're saying. Was it not a change that the judge could not prescribe a certain program for the prisoner? So it was a change. Yes, it was a change. Now, why? Why would they have made that change if the statute reads the way you say? What sense does it make to still allow the judge to take this into account? But affirmatively deprive him of the power to do what he wanted to do? Your Honor, I believe that there were some legal issues that were coming up in litigation over prison conditions and sentencing in the years leading up to this Act where there was unclarity as to whether the attorney general or the judge or the Bureau of Prisons whose decision ultimately was being challenged in this litigation. And the Act made that change, but it was designed only to simplify the administration. It was not meant to say that judges, therefore, are cut out of the process. And unfortunately, that's all that we know about that provision. Breyer, the Senate report says that the provisions we've been talking about make clear a defendant should not be sent to prison only because the prison has a program that might be good for him. Drug dependence, in the committee's view, generally should not play a role in the decision whether or not to incarcerate the offender. Now, is there something that conflicts with that? I thought that was a pretty clear indication of the committee's view. Your Honor, the committee in dealing with drug dependence said the commission shall decide whether drug dependence, et cetera, is relevant. She'll take it into account only to the extent that it is relevant. And the commission decided, as with most of these other factors, that drug dependence shall not be used ordinarily in sentencing outside the range, but left it to the judge to decide within the range. As to your — so judges have some flexibility in using drug dependence for a within-guideline sentence. And then on your point about a person should not be sent to prison only because the prison has a set of guidelines. Breyer, you put a great deal of weight on the word only. I guess it's of a dual motive. We don't really know what would have happened in the absence of one of the motives. So should we send the whole thing back for resentencing? No. I think this goes to Justice Sotomayor's question, that very often these things are bound up and a judge ought to be able to consider it in the mix, especially when it's not just a program that, quote, might be good for him, this airy hope that everybody who has criminality can be cured, but rather there's a specific targeted program. Particularly where, as here, Congress made a point of approving of in-prison drug treatment as effective to reduce recidivism where we have a fixed term and a specific diagnosis that Congress has funded and encouraged with the 12-month sentence reduction. If this Court has no further questions, the statute allows judges to consider needed correctional treatment programs in prison sentencing. The judgment of the court of appeals should, therefore, be affirmed. Thank you, counsel. Mr. Kahn, you have three minutes remaining. Thank you, Your Honor. Let me begin with a couple of points about the plain language of the statute. When a defendant is sent to prison so that he can gain access to rehabilitative programs, imprisonment is used as a means to promote rehabilitation. Counsel stresses only the imprisonment portion of that sentence, but it is, strictly speaking, within the very prohibition that Congress has articulated. Beyond that, I'd point to 3553A2D, and counsel has left off the last few words in discussing that purpose of sentencing that's set out there. Congress required that these rehabilitative resources be provided in the most effective manner. As is discussed in the briefs, Congress had determined with regard to in-prison rehabilitation programs that they simply were not the most effective manner. Counsel, this makes a lot of sense when we're talking about huge disparities in a guideline sentence versus one where the judge goes outside the guidelines or imposes a greater sentence than otherwise the guidelines would determine for rehabilitation purposes. But not infrequently, guideline ranges are within very narrow scopes. And in fact, there are some prison advantages that you get from being sentenced to a year and a day that you don't get if you're sentenced to 12 months. And district courts routinely will choose between a year and a day or 12 months based on knowledge about what might be available if you're there for over a year. Why is that wrong? What would be the difference? You see, I'm having a hard time in this case because if a judge comes in and says guideline range is 50 to 60, I think in the middle is perfectly fine. I just don't know whether I should give them 54 or 55 months. But I know that at 55 months there's this kind of program available. I'm going to do — I'm going to — you know, it is — judging is not so precise that you know exactly where to go within these small ranges. And so there are many factors that influence that decision. Why should we announce a rule that says to a judge in those situations, don't give them that extra month? Because Congress has prescribed it. Because Congress made the choice that it shouldn't be allowed. And it may seem unreasonable to all of us, but Congress made a determination that it wasn't appropriate to lengthen these sentences or impose them for purposes of rehabilitation. Alito, are you arguing for something like a plain statement rule? If the judge says plainly, I'm increasing your sentence so you can get rehabilitation, then there's a problem? Or would there possibly be situations in which one could infer that the desire to provide for rehabilitation in prison had influenced the sentence? For example, choosing a sentence that is just long enough to allow somebody to take advantage of a particular rehabilitation program in a prison, or where the judge goes on and on and on and on about the need for rehabilitation for this — vocational training for this prisoner. It's possible, but I think that this Court can trust sentencing judges to follow its mandate. And if this Court says you're not to increase sentences for purposes of getting people into rehabilitative programs, and you should state why you're putting people into prison, that we can count on those reasons to be honestly and truthfully given. Thank you, counsel. Mr. Brevis, you were appointed by this Court to brief and argue the case. You have ably carried out that responsibility, for which the Court is grateful. The case is submitted.